**CORNING INCORPORATED,**
Plaintiff–Counter–Defendant–
Appellee,

v.

**PICVUE ELECTRONICS, LTD** and
**Picvue Optoelectronics International,
Inc.,** Defendants–Counter–Cla imants–
Third-Party-Plaintiffs-Appellants,

**Eglasstrek GMBH,** Defendant,

v.

**Saint–Gobian Advanced Ceramics
Corporation,** Third–Party–
Defendant.

Nos. 03–7731(L), 03–7939(CON).

United States Court of Appeals,
Second Circuit.

April 22, 2004.

David M. Lascell (Maurice M. Klee, Jerauld E. Brydges, on the brief), Harter, Secrest & Emery LLP, Rochester, N.Y. (Mark W. Lauroesch, Paul R.A. Burke), Corning Inc., for Plaintiff–Counter–Defendant–Appellee, of counsel.

James P. O'Brien (Christopher A. Michaels, Paul J. Sweeney, Oliver N. Blaise, III, Michael A. Garzo, Jr., on the brief), Coughlin & Gerhart, LLP, Binghamton, N.Y., for Defendants–Counter–Claimants–Third–Party–Plaintiffs–Appellants.

Present: KEARSE, KATZMANN, Circuit Judges.*

## SUMMARY ORDER

Defendant–Appellants Picvue Electronics, Ltd. and PicVue Optoelectronics International, Inc. (collectively "PicVue") appeal from the decision and order of the United States District Court for the Western District of New York (Telesca, *J.*), granting the motion of Plaintiff–Appellee Corning Incorporated ("Corning") for a preliminary injunction with respect to its copyright and trade secret claims, denying PicVue's motion to dismiss Corning's copyright and trade secret claims, and denying, without prejudice, PicVue's motion for summary judgment on these claims. In an opinion, filed contemporaneously with this order, we consider PicVue's arguments that the preliminary injunction entered by the district court fails to comply with the requirements of Federal Rule of Civil Procedure 65(c) and (d). For reasons stated in that opinion, we VACATE the preliminary injunction and REMAND the case to the district court. We here address PicVue's other challenges. In so doing, we assume the parties' familiarity with the facts and the law.

* Judge Jon O. Newman having recused himself prior to oral argument, this case is decided by the two remaining members of the panel pur-

■ First, PicVue contends that we have jurisdiction to review the district court's denial of its motion to dismiss and motion for summary judgment pursuant to the doctrine of pendent appellate jurisdiction. This doctrine provides that, "[i]n the course of reviewing an immediately appealable interlocutory ruling, [a court of appeals] may review a related ruling that is unappealable in its own right if, and only if, 'the otherwise unappealable issue is inextricably intertwined with the appealable one, or . . . review of the otherwise unappealable issue is necessary to ensure meaningful review of the appealable one.'" *Davidson v. Chestnut*, 193 F.3d 144, 151 (2d Cir.1999) (per curiam). We need not decide, however, whether these requirements are satisfied because, even if they are, we do not think that this is an appropriate case for the exercise of pendent appellate jurisdiction. We therefore decline to exercise any discretion that we might possess to review the district court's denial of PicVue's motion to dismiss and motion for summary judgment.

■ In addition, PicVue argues that the district court erred in granting Corning's motion for a preliminary injunction. We have set forth the following requirements for issuance of such an order:

A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.

*Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir.1995).

suant to § 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

Here, the district court found that "Corning ha[d] demonstrated that there [were] sufficiently serious questions going to the merits of the case [to make them a fair ground for litigation], and that a balancing of the hardships between the parties weigh[ed] decidedly in [its] favor." *Corning Inc. v. PicVue Electronics, Ltd.*, No. 02–CV–6303T, slip op. at 13–14 (W.D.N.Y. July 2, 2003). Reviewing for abuse of discretion, *Register.Com Inc. v. Verio, Inc.*, 356 F.3d 393, 398 (2d Cir.2004), we find, for substantially the reasons stated by the district court, that it was within the discretion of the district court to so conclude. PicVue has not definitively established either the invalidity of Corning's chain of title to the copyrighted works or the existence of material misrepresentations in Corning's copyright filings. To the extent that the evidence proffered by PicVue creates a disputed issue of material fact as to either element of Corning's copyright infringement claim, the mere existence of such dispute does not preclude the granting of Corning's motion for injunctive relief. *Cf. Merkos L'inyonei Church, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 98, 100 (2d Cir.2003) (per curiam) (holding that plaintiff had established a sufficient probability of success to warrant the injunction granted by the district court, but acknowledging that "further factual development" would be required to establish plaintiff's ownership of the copyrighted works at issue). PicVue has also failed to show that Corning did not own the trade secrets in question or that the trade secrets were in the public domain. We also see no reason to question the district court's conclusions regarding the balance of hardships in this case.

Accordingly, for the forgoing reasons, the decision and order of the district court is AFFIRMED IN PART. Nevertheless, for reasons stated in the accompanying opinion, we VACATE the district court's decision and order IN PART and REMAND the case to the district court.